UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ALMIR JUAREZ-CARIAS, Defendant. | 4:22-CR-40094-KES-2 ORDER GRANTNG MOTION TO REDUCE SENTENCE |

Defendant, Almir Juarez-Carias, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 134. Plaintiff, the United States of America, opposes Juarez-Carias' motion. Docket 136. For the following reasons, Juarez-Carias' motion for a sentence reduction is granted.

### DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

"At step two . . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *See Dillon*, 560 U.S. at 827.

Juarez-Carias' Guideline range, based on a total offense level of 25 and a Criminal History Category of I, was 57-71 months in custody. Docket 116 at 18. Juarez-Carias received zero criminal history points. *See generally id.* On May 1, 2023, the court sentenced Juarez-Carias to 57 months in custody for conspiracy to distribute a controlled substance. Docket 119 at 1-2.

On July 31, 2024, Juarez-Carias filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 134. Juarez-Carias believes a 2-level reduction, based on U.S.S.G. § 4C1.1, should apply to his case. *Id.* at 4-5. Juarez-Carias requests a reduced

sentence of 46 months in custody. *Id.* at 1. The Government agrees that Juarez-Carias is eligible for a reduction in his sentence under U.S.S.G. § 4C1.1 but argues that his sentence should not be reduced because he had multiple pending charges at his sentencing. Docket 136 at 3-5.

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

Juarez-Carias meets the criteria under amended U.S.S.G. § 4C1.1 for a reduction. The ten prohibitive factors listed in § 4C1.1(a) do not apply to the circumstances of Juarez-Carias' case as shown in his PSR. Docket 116. Applying the reduction under U.S.S.G. § 4C1.1, Juarez-Carias' total offense level is reduced by two levels, and his resultant offense level is 23. An offense

level of 23, coupled with his Criminal History Category of I, results in a Guidelines custodial range of 46-57 months' custody. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

The 18 U.S.C. § 3553(a) factors support a reduction in this case. As of July 18, 2024, Juarez-Carias' disciplinary record did not list any incidents during his time in custody. *See* Docket 134-1. Further, he has completed 90 hours of education courses. Docket 134-2. Of the five pending charges Juarez-Carias had at the time of his sentencing, three have been dismissed. Docket 139 at 3-4. Of the two remaining—consisting of a no driver's license ticket and a controlled substance state charge—both were known to the court at the time of sentencing. *See* Docket 116 at 15. Juarez-Carias has also been assigned a "low risk recidivism level." *See* Docket 134-3 at 2.

After considering Jaurez-Carias' motion and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court grants the motion.

## CONCLUSION

It is ORDERED that Juarez-Carias' motion (Docket 134) is GRANTED. The probation office is directed to prepare an amended Judgment that reflects a sentence of 46 months in custody.

Dated October 10, 2024.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE